**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN CANNON,

    Plaintiff,

vs.                                      CASE NO. 3:10-cv-243-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

This case is before the Court on Plaintiff's Application for Attorney's Fees and Costs filed December 5, 2011 (Doc. #30, Application).[1] Plaintiff's counsel requests a total award of $2,904.52 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #30 at 2). Defendant filed a response (Doc. #31) and then an amended response (Doc. #32) to Plaintiff's Application. Defendant's counsel asserts the Commissioner does not oppose the request for the EAJA fees in this case (Doc. #32 at 1). Thus, the matter is ripe for the Court's consideration.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1.      Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v.*

---

[1] In paragraph five of the Application Plaintiff states, "On September 16, 2011, U.S. Magistrate Judge Thomas E. Morris entered and Order affirming the Defendant's denial of benefits." In fact, the Court entered an Order and Opinion **reversing** the decision of the Commissioner to deny benefits and remanding the case for further consideration (see Doc. #25).

*Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case. Therefore, the Commissioner's position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees. Plaintiff expressly states "At all times, Plaintiff [Cannon's] net worth did not exceed $2,000,000.00" (Doc. #30, ¶ 9), and the Court finds there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

        2.     The amount of attorney fees to be awarded "will be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees will not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the

amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel claims that the statutory cap of $125 should be raised to $174.24 per hour for services provided in 2010 and to $180.02 per hour for services provided in 2011 (Doc. #30 at 2). However, the documentation provided by Plaintiff's counsel in support of these adjusted hourly rates reflects charges for services in 2010 should not exceed $173.72 per hour (*see* Doc. #30-1). The Court will assume the requested $174.24 is simply a scrivener's error, much like the mathematical error noted below. In its discretion the Court has determined that the hourly rates reflected in Plaintiff's exhibits and the resulting fee amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[2]

3. The Court's review must consider not only the reasonableness of the requested hourly rate for attorney fees, but also whether the number of hours claimed for attorney fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Here, Plaintiff seeks compensation for sixteen and seven tenths (16.7) hours of legal work reported by Plaintiff's counsel in relation to this federal litigation.[3]

---

[2] The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited December 6, 2011). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

[3] Although counsel states the number of hours worked in this federal litigation totaled 16.6 hours, calculation from counsel's Affidavit of Attorney's Time (Doc. #30-2) reveals the individual entries total 16.7 hours. The Court will use 16.7 hours in determining the
(continued...)

3

This number of hours falls within the range of hours the Court typically sees reported for this type of litigation. Thus, the Court finds counsel's hours were reasonably expended in this case.

Included in those hours, Plaintiff requests three and sixty-five one hundredths (3.65) hours of fees for work performed before the complaint was filed with the federal court (Doc. #30-2 at 1). Pre-complaint fees have been recognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings. *Webb v. Bd. of Educ. of Dyer Cnty.,* 471 U.S. 234, 243 (1985), *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). The hours listed by Plaintiff's counsel for review of the materials brought by Plaintiff to the initial consultation and the time spent explaining the federal court appeal process to Plaintiff are therefore found to be reasonable and compensable under the EAJA. *See Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) ("the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate") quoting *Hensley v. Eckerhart,* 461 U.S. at 433*; see also Caylor v. Asture*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011) (granting pre-complaint fees where the time was reasonably expended toward litigation in the federal case) *McGuire v. Sullivan*, 723 F.Supp. 1506, 1508-09 (N.D. Ga. 1989) (finding 4.8 hours pre-complaint hours claimed by plaintiff's counsel were reasonably expended to familiarize new counsel with the disability case); *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 3853184, *2-3 (M.D. Fla. Nov. 18, 2009) (reducing by half the number of pre-complaint hours claimed

---

[3](...continued)
reasonable EAJA fee award.

by the attorney for pre-complaint work; cutting out the hours spent on discussion of administrative proceedings, but leaving in the hours listed for preparation of the complaint in federal court).[4]

Plaintiff requests one hour of fees for preparation of the petition for attorney fees (Doc. #30-2 at 2). The Eleventh Circuit has held that "fees for fees" are permitted as reasonable fees under EAJA. *See Jean v. Nelson*, 863 F.2d 759, 779-80 (11th Cir. 1988). The Eleventh Circuit found it reasonable to award fees for fees, as not doing so "would contravene Congress's purpose in passing the EAJA to require under all circumstances that successful EAJA fee applicant bear the costs of obtaining EAJA fees." *Id.* at 780. The Court finds the one hour of work to prepare the petition for attorney fees to be reasonable and compensable.

4. In light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States), this Court will award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.

5. Upon due consideration, the Court finds that 16.7 hours were reasonably expended by Plaintiff's attorney in this case. Thus, the Court also finds $2,914.98 ($173.72

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

x 14.5 hours plus $180.02 x 2.2 hours) is a reasonable amount for attorney fees in this case.

8. Plaintiff was granted *in forma pauperis* status in this action (Doc. #8). Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Application for Attorney's Fees and Costs (Doc. #30) is **GRANTED to the extent set forth above**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,914.98 for attorney fees.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of December, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any